**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**No. 96-40119**
**Summary Calendar**

**STEVEN RITCHEY,**

**Petitioner-Appellant,**

**versus**

**GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellee.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:94-CV-405)**
_____

July 10, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Steven Ritchey, # 541162, contests the dismissal of his habeas petition.  (His motion for appointment of counsel is **DENIED**.)

Ritchey contends that counsel mistakenly promised him that he would serve only 16 months in prison if he pleaded _nolo contendere_; that counsel was ineffective for giving erroneous advice regarding the amount of time he would serve; that counsel and the State

_____

[*]     Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

withheld exculpatory evidence; and that counsel was ineffective regarding revocation of his probation. Based upon our review of the record, we find no reversible error.

Regarding Ritchey's contentions that counsel gave erroneous advice about the amount of time he would serve and withheld exculpatory evidence, we affirm for essentially the reasons relied on by the district court. *See* ***Ritchey v. Scott***, No. 6:94-CV-405 (E.D. Tex. Jan. 8, 1996). Ritchey's contention that the State withheld exculpatory evidence is foreclosed by his allegation that counsel knew of the exculpatory evidence in the State's possession. Ritchey's contention that he was denied access to the courts, because the state court failed to produce a complete record of the evidence for our review, is without merit; all of the documents upon which Ritchey relies for his claim of innocence are included in the record on appeal.

Regarding Ritchey's contention that counsel promised that he would serve only 16 months, which was raised for the first time in his objections to the magistrate judge's report and recommendation, and his contention based on evidence provided by Dr. Di Maio, raised in an amendment filed without leave of court after the respondent had filed a responsive pleading, the district court did not abuse its discretion by implicitly denying Ritchey's motion to amend his petition. *See* FED. R. CIV. P. 15(a); ***United States v. Armstrong***, 951 F.2d 626, 630 (5th Cir. 1992) (where responsive

- 2 -

pleading had been filed, and plaintiff neither sought nor obtained leave of court, plaintiff had no right to amend pleadings by raising claim for first time in objection to magistrate judge's report and recommendation).  Moreover, because Ritchey has not exhausted state law remedies as to these claims, allowing Ritchey to amend would have required dismissal of his entire petition for failure to exhaust.  *See **Rose v. Lundy***, 455 U.S. 509, 519-20 (1982).  Regarding any evidence of alleged misconduct by serologist Fred Zain, Ritchey does not indicate that any such evidence existed when he entered his plea; he has not shown how any such evidence could have implicated the voluntariness of his plea.  *See **Smith v. Estelle***, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984).

Ritchey's contention that the magistrate judge erred by finding that his probation was revoked before he pleaded *nolo contendere* lacks support in the record.  Ritchey has failed to brief his contention that counsel was ineffective in conjunction with the revocation of probation.  *See **Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

*AFFIRMED*